{¶ 21} I agree that Hoover had a full and fair opportunity to litigate his claim, as he has presented it, that the automobile accident in which he was involved has caused a psychological condition of cognitive/amnestic disorder.
 {¶ 22} I persist in my view, however, as expressed in Marcum v.Newbauer (March 17, 1988), Montgomery App. No. 10630, that mutuality of parties is still ordinarily required in Ohio for application of the doctrine of collateral estoppel, and that the application of collateral estoppel in Hicks v. De La Cruz (1977), 52 Ohio St.2d 71, despite the absence of mutuality of parties, can be explained by the extraordinary circumstance that one party, who had successfully established in previous litigation that it owned a hospital, was now trying to establish the contrary proposition of fact. Application of the doctrine of collateral estoppel in that case, despite the absence of mutuality of the parties, required nothing more than the familiar principle that "you can't have it both ways."
 {¶ 23} As noted in footnote 3 of the majority opinion, our holding in this case establishes an exception to the mutuality-of-the-parties rule that entirely swallows the rule. Collateral estoppel can never be applied where the party against whom it is asserted has not had an adequate opportunity to litigate the issue in a prior proceeding, regardless of whether there is a mutuality of parties.
 {¶ 24} The mutuality-of-the-parties rule is a common-law rule, and the Ohio Supreme Court can determine whether it is still the rule in this state, and, if so, what are the limitations of the rule. Reasonable minds can reach different conclusions concerning the wisdom of the rule. One reason for maintaining the rule is the assymetry that results if it is not applied. The litigant who has a single issue of fact in common with a number of adverse parties must win each battle anew, but is estopped in each subsequent case once the litigant suffers an adverse result in any case. This assymetry is compounded when the relaxation of the mutuality-of-the-parties rule is allowed only defensively; that is, only for the benefit of defendants, not for the benefit of plaintiffs.
 {¶ 25} In any event, the Ohio Supreme Court can tell us whether the mutuality-of-the-parties rule for the application of collateral estoppel has any continuing vitality in Ohio, and I would encourage the Supreme Court to use this case as a vehicle for making that decision.
 {¶ 26} Because I would apply the mutuality-of-the-parties rule for the application of the doctrine of collateral estoppel, I would sustain Hoover's assignment of error, reverse the judgment of the trial court, and remand this cause for further proceedings.